UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No. CV 03-1921 CBM (FMOx)        Date: September 9, 2005

Title: U.S. v. Frykowski, et. al.

==========================================================================

DOCKET ENTRY
Order Re: Defendant Estate of Bartek Frykowski's Request for Sanctions

==========================================================================

PRESENT:

Hon. CONSUELO B. MARSHALL, CHIEF JUDGE

| JOSEPH LEVARIO | none present |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS:      ATTORNEYS PRESENT FOR DEFENDANTS:

N/A                                            N/A

**PROCEEDINGS:**

       In its Opposition to Defendant Nathaniel Friedman's May 25, 2005 "Renewed Motion to Compel Disbursement of Funds Being Held by U.S. Court Clerk," Defendant Estate of Bartek Frykowski ("Estate") requested the Court to impose sanctions upon Defendant Friedman and his counsel of record, Mr. Barton Friedman, for bringing what the Estate believed to be a frivolous motion, their use of disrespectful and offensive language therein, and for their unprofessional conduct in this matter generally. On July 15, 2005, the Court issued an Order directing Defendant Friedman and counsel Barton Friedman to show cause as to why sanctions should not be imposed. Defendant Friedman and counsel responded by filing separate declarations. Upon consideration of these documents, the Court finds that sanctions are indeed warranted.

       Neither Defendant Friedman nor counsel have apologized for or otherwise explained their use of incendiary, offensive and/or abusive language against the Estate's attorneys, Mr. Volchegursky and Mr. Schrobsdorff, in papers filed in connection with Defendant Friedman's renewed motion to compel. In particular, Defendant Friedman's declaration in support of the motion repeatedly accuses Mr. Schrobsdorff of being a "minor league Schickelgruber" and calls Mr. Volchegursky his "qvisling" [sic]." The terms "Schickelgruber" and "quisling" are both bizarre references to Adolf Hitler and the Nazi party.[1] The use of such language without any

---

[1]      "Schickelgruber" was the original surname of Hitler's family. The term "quisling" is defined by Merriam-Webster's Collegiate Dictionary 957 (10th Ed. 1998) as "traitor" or "collaborator," in reference to Vidkun Quisling, a Norwegian politician who collaborated with the Nazis.

relationship to the issues involved is extremely unprofessional and tantamount to an action in "bad faith." *See, e.g., In re Itel Sec. Litig v. Itel*, 791 F.2d 672, 675 (9th Cir. 1996) (noting that a finding of "bad faith" does not necessarily require proof than an action is totally frivolous, but rather includes actions that are "substantially motivated by vindictiveness, obduracy or mala fides . . . .") (internal citations omitted); *accord Carroll v. Jaques Admiralty Law Firm*, P.C., 110 F.3d 290 (5th Cir. 1997) (district court did not abuse its discretion in using its inherent power to sanction attorney for using offensive language against opposing counsel at a deposition). The use of such language also violates the standards of conduct applicable to attorneys practicing before this Court. *See* Local Rule 83-3.1.2 (adopting Rules of Professional Conduct of the State Bar of California as "standards of professional conduct"; ABA Model Rules of Professional Conduct "may be considered as guidance"); ABA Model Rules of Prof'l Conduct, Preamble, ¶ 9 (2002) (lawyer's obligations include "maintaining a professional, courteous and civil attitude toward all persons involved in the legal system"); Los Angeles Co. Bar Ass'n, *Litigation Guidelines*, ¶ 3(b) (1989), *available at* http://www. lacba.org/Files/Main%20Folder/Services/FaxOnDemand/files/LitigationGuidelines.pdf ("Neither written submissions nor oral presentations should disparage the intelligence, ethics, morals, integrity or personal behavior of one's adversaries, unless such things are directly and necessarily at issue.").

Accordingly, the Court hereby orders that Barton A. Friedman, Esq. pay a fine of $250.00 by delivering a certified check made payable to "Clerk, United States District Court," no later than **September 23, 2005**. Failure to make timely payment may result in an order of contempt and/or limitations on future filings. *See, e.g., LaRue v. United States*, 959 F.Supp. 959 (C.D. Ill. 1997), *aff'd* 124 F.3d 204 (7th Cir. 1997) (directing clerk to return unfiled any papers that the litigant attempted to file in any civil, non-habeas case, unless and until he paid in full the sanctions that had been imposed against him).

IT IS SO ORDERED.

Initials of Deputy Clerk _____

cc: Judge Marshall
     Parties of Record